McCLENDON, J.,
dissents and assigns reasons.
fin her petition, Ms. Hoffman alleges that she “received a medical bill for $713.67” from the Baton Rouge General, attaching a copy of the bill to her petition. The attached bill indicates that the “Amount You [Ashley Hoffman] Owe” is $485.29, reflecting an adjusted amount because of a contractual agreement between the hospital and AETNA.
In interpreting a contract, the words of a contract must be given their generally prevailing meaning. LSA-C.C. art. 2047. The Travelers’ policy requires it to pay “reasonable expenses incurred” by its insured because of bodily injury caused by an accident. The Merriam-Webster Online Dictionary defines “incur” as “to become liable or subject to.” http://www. merriam-webster.com (last visited May 28, 2013). Plaintiff was never liable or subject to pay the entire amount of $713.67.[1] Rather, plaintiff was only billed for and was only legally liable to pay the reduced amount of $485.29, the specific amount sought by Baton Rouge General.[2] Because Travelers’ paid the expenses “in *113 curred” by Ms. 12Hoffman in accordance with the terms of its medical payments provision,[3]1 would grant Travelers’ motion for summary judgment and dismiss plaintiffs action. Accordingly, I respectfully dissent.

. We further note that plaintiff does not assert that she ever made a payment in the full amount of $713.67.

. See also State Farm Mutual Automobile Insurance Co. v. Bowers, 255 Va. 581, 500 S.E.2d 212 (1998).

. In fact, Travelers actually overpaid the amount, having paid the amount of $674.73.